**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Michael@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Evaristo Salazar, Augustin Salazar, Jose De La Cruz, Placido Ponce Morales, Juan Alejandro Garcia, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 16-CV-_____ |
| | **COMPLAINT** |
| Plaintiff, | |
| – vs. – | |
| Smile Wholesaler's, Inc, and Dilip K Shah, | |
| Defendants. | |

Plaintiffs Evaristo Salazar, Augustin Salazar, Jose De La Cruz, Placido Ponce Morales, and Juan Alejandro Garcia, by and through their undersigned attorneys, for their complaint against defendants Smile Wholesaler's, Inc, and Dilip K Shah, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs' Evaristo Salazar, Augustin Salazar, Jose De La Cruz, Placido Ponce Morales, and Juan Alejandro Garcia allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Smile Wholesaler's, Inc, and Dilip K Shah,  who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complains that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violation of the Wage Theft Prevention Act, and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

1.     Plaintiff Evaristo Salazar is an adult individual residing in New York, New York.

2.     Plaintiff Augustin Salazar is an adult individual residing in New York, New York.

3.     Plaintiff Jose De La Cruz is an adult individual residing in New York, New York.

4.     Plaintiff Placido Ponce Morales is an adult individual residing in New York, New York.

5.     Plaintiff Plaintiffs Juan Alejandro Garcia is an adult individual residing in New York, New York.

6.     Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

7.     Upon information and belief, defendant Smile Wholesaler's, Inc. is a New York corporation with an address of 252 W 30th St, New York, NY 10001.

8.     Upon information and belief, at all relevant times, defendant Smile Wholesaler's, Inc. has had gross revenues in excess of $500,000.00.

9.     Upon information and belief, at all relevant times herein, defendant Smile Wholesaler's, Inc. has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

3

10. Upon information and belief, at relevant times, Smile Wholesaler's, Inc. has constituted an "enterprise" as defined in the FLSA.

11. At all relevant times herein, defendant Dilip K Shah was an owner or part owner and principal of Smile Wholesaler's, Inc., who had the power to hire and fire employees, set wages and schedules, and maintain their records.

12. At all relevant times herein, defendant Dilip K Shah was involved in the day-to-day operations of Smile Wholesaler's, Inc. and played an active role in managing the business.

13. Defendants constituted "employers" of Plaintiffs as that term is used in the New York Labor Law and the Fair Labor Standards Act.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.  Pursuant to 29 U.S.C. § 206 and § 207, plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since August 1, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.  The Collective Action Members are similarly situated to plaintiff in that they were employed by defendants as non-exempt delivery persons and helpers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

20.  From approximately August 11, 2014 to August 2016, Plaintiff Jose De La Cruz was employed full time by defendants.

21.  From approximately August 11, 2014 to August 2016, Plaintiff Evaristo Salazar, was employed full time by defendants.

22.  From approximately August 11, 2013 to August 2016, Plaintiff Augustin Salazar was employed full time by defendants.

23.  From approximately 2002 to July 2016, Plaintiff Placido Ponce Morales was employed full time by defendants.

24.  From approximately March 2005 to March 2015, Plaintiff Juan Alejandro Garcia was employed full time by defendants.

25.  Plaintiffs were hired to handle deliveries and/or as helpers.

26.  Plaintiffs' job duties including making local deliveries in New York city.

27.   Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

28.   At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

29.   Plaintiff Jose De La Cruz worked for Smile Wholesaler's Inc. six days per week from Monday to Saturday.

30.   Plaintiff Jose De La Cruz's schedule was generally from 8:00 AM to 7:00 PM.

31.   As a result, he worked approximately 66 hours per week.

32.   Mr. De La Cruz was paid weekly, at a fixed weekly rate of $404 in cash. He received this amount expect for the last two weeks – in those weeks he received a check for $319 and $180 in cash.

33.   Plaintiff Juan Alejandro Garcia worked for Smile Wholesaler's Inc. six days per week from Monday to Saturday.

34.   Plaintiff Juan Alejandro Garcia's schedule was generally from 8:00 AM to 7: 00 PM.

35.   As a result, he worked approximately 66 hours per week.

36.   Mr. Garcia was paid weekly, at a fixed weekly rate of $450 per week. When he started working for defendants, he received $350 per week with a $10 per week raise every year.

37.   Plaintiff Placido Ponce Morales worked for Smile Wholesaler's Inc. six days per week from Monday to Saturday.

38.   Plaintiff Placido Ponce Morales's schedule was generally from 8:00 AM to 6:30 PM.

39.   As a result, he worked approximately 63 hours per week.

40.   Mr. Morales was paid weekly, at a fixed weekly rate of $490 per week. When he started working for defendants, he was paid $290 per week with a $10 per week raise every year.

41.   Plaintiff Augustin Salazar worked for Smile Wholesaler's Inc. six days per week from Monday to Saturday.

42.   Plaintiff Augustin Salazar's schedule was from 8:00 AM to 6:00 PM

43.   As a result, he worked approximately 60 hours per week.

44.   Mr. Salazar was paid weekly, at a fixed weekly rate that varied over his employment. From April 2013 to January 2016, Mr. Salazar was paid $420 per week, and from February 2016 until now, he was paid $525 per week in cash.

45. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

46. Plaintiffs were not paid an overtime premium for hours worked in excess of forty hours per week; they only received their flat pay.

47. Plaintiffs received the same pay regardless of the exact number of hours they worked in a particular pay period.

48. As a result of the hours they worked and the pay they received, plaintiffs' effective rate of pay fell below the statutory minimum wage in effect at all relevant times.

49. Defendants' failure to pay Plaintiffs the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations, were willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

50. Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Plaintiffs (the Collective Action Members) in positions at defendants' company that required little skill, no capital investment, and with duties and responsibilities that did not

include any managerial responsibilities or the exercise of independent judgment.

51. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

52. Although plaintiffs routinely worked shifts lasting in excess of ten hours from start to finish during his employment with defendants, they were not paid a "spread of hours" premium of one hour's pay at the minimum wage on any of those days.

53. Defendants failed to provide Plaintiffs and these other individuals with written wage notices providing the information required by the Wage Theft Prevention Act – including, inter alia, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

54. Defendants failed to provide Plaintiffs and these other individuals with weekly paystubs or other wage

statements constituting records of their compensation and hours worked, in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

55. Upon information and belief, while defendants employed Plaintiffs and the Collective Action members, and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide employees with records of their hours worked.

56. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to post and keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

57. Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

59.   Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

60.   As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

61.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

62.   Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

63.   plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.  Defendants willfully violated plaintiffs' rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

66.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT III**

### **(Fair Labor Standards Act - Overtime)**

68.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.   At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

70.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

71.   As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

72.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

73.   Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

74.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76.  Defendants willfully violated plaintiffs' rights by failing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek. .

77.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

79.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

80.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81.  Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

82.  Defendants willfully violated plaintiffs' rights by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

83.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants statutory damages of $250.00 per day through the end of their employment, up to the maximum statutory damages.

<u>COUNT VI</u>

<u>(New York Labor Law — Spread of Hours)</u>

84. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

85. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

86. Defendants willfully violated plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

87. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

88. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully requests that this Court grant the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

    b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for defendants' New York Labor Law violations;

h.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.


Dated:   June 22, 2016


_____
Michael Samuel (MS7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

20

# EXHIBIT A

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Smile Wholesalers, Inc and its owners and affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit.   I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
Mr. Juan Alejandro Garcia

Date:  June 28, 2016

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Smile Wholesalers, Inc and its owners and affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit.   I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


Mr. Placido Ponce Morales

Date:  June 28, 2016

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Smile Wholesalers, Inc and its owners and affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit.   I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Mr. Augustin Salazar

Date:  June 28, 2016

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Smile Wholesale and its owners and affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit.   I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Mr. Evaristo Salazar

Date:  June 29, 2016

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Smile Wholesalers, Inc and its owners and affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


Mr. Jose de la Cruz Perdomo

Date: June 28, 2016