USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/18/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVARISTO SALAZAR, AUGUSTIN SALAZAR, JOSE DE LA CRUZ, PLACIDO PONCE MORALES, and JUAN ALEJANDRO GARCIA,

                    Plaintiffs,

– against –

SMILE WHOLESALER'S, INC., DILIP SHAH, and YA COUBE SARE,

                      Defendants.

**OPINION AND ORDER**

16 Civ. 6122 (ER)

Ramos, D.J.:

The parties have submitted an application for the Court to approve their agreement settling claims brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and to dismiss the case with prejudice. (Doc. 29) (the "Agreement"). In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). The Court will approve the Agreement for the reasons described below.

"In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the

(S.D.N.Y. 2012). The lodestar is the product of a reasonable hourly rate and the reasonable number of hours required by the case. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed Agreement, Plaintiffs' attorneys will retain $59, 865.95 in attorneys' fees and $400 in costs. Agreement § 4, Ex. B. The requested attorneys' fees amount to approximately one-third of the overall settlement. *See Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("[O]ne-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases."). Additionally, the time sheets submitted by Plaintiff's counsel, totaling over $ 26,000 in billed hours, renders the $59,865.95—resulting in a lodestar multiplier of approximately 2.3—in attorneys' fees here a reasonable fee. (Doc. 19, Ex. B). *See Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("For fees of $283,333 and a lodestar of $127,000, the resulting "lodestar multiplier" of 2.2 is well within the range of acceptable."); *see also Long v. HSBC USA INC.*, No. 14 Civ. 6233 (HBP), 2016 WL 4764939, at *12 (S.D.N.Y. Sept. 13, 2016) (listing cases where courts have approved fee awards constituting lodestar multipliers of 4.6 and higher).

In terms of the non-monetary provisions, the Court finds all of them to be fair and reasonable.

Accordingly, the Agreement, Doc. 29, is SO ORDERED. The Complaint, Doc. 1, is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case. It is SO ORDERED.

Dated: August 18, 2017
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.